```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RONDA A. HARRISON,                 :

                Plaintiff,         :    15 Civ. 1702 (VSB)(HBP)

    -against-                      :    REPORT AND
                                        RECOMMENDATION
COMMISSIONER OF SOCIAL SECURITY,   :

                Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE VERNON S. BRODERICK, United States District Judge,

I. Introduction

By notice of motion dated June 23, 2015 and electronically filed August 17, 2015 (Docket Item ("D.I.") 11), defendant moves to dismiss, or, in the alternative, for summary judgment dismissing, plaintiff's complaint on the ground that it is untimely. For the reasons set forth below, I respectfully recommend that defendant's motion for summary judgment be granted and that the complaint be dismissed as untimely.

II.  Facts

Plaintiff commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits ("DIB"); the action is brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act").

Plaintiff submitted her application for DIB on December 19, 2011 (Declaration of Roxie Rasey Nicoll, dated June 14, 2015 (D.I. 14) ("Nicoll Decl."), Ex. 1, at 4[1]).[2]  The claim was initially denied on April 13, 2012 (Nicoll Decl., Ex. 1, at 4). Plaintiff subsequently requested a hearing, and an Administrative Law Judge (an "ALJ") conducted a hearing on June 17, 2013 (Nicoll Decl., Ex. 1, at 4).  Plaintiff was represented by an attorney at the hearing (Nicoll Decl., Ex. 1, at 4).  The ALJ concluded that plaintiff suffered from edema, obesity, asthma, sleep apnea and

---

[1]Because the exhibits attached to the Nicoll Declaration are inconsistently paginated, my citations to page numbers refer to the page numbers assigned by the Court's ECF system that appear on the upper right corner of each page.

[2]Ms. Nicoll identifies herself as the "Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration ["SSA"]" (Nicoll Decl., at 1).  She states that her declaration is based on her review of the official file maintained by the Office of Disability Adjudication and Review relating to plaintiff's claim (Nicoll Decl. ¶ 3).

degenerative joint disease of the lumbosacral spine (Nicoll Decl., Ex. 1, at 6).  Nevertheless, he concluded that plaintiff had the residual functional capacity to perform sedentary work, with a number of limitations (Nicoll Decl., Ex. 1, at 7).  The ALJ found that although plaintiff was not capable of performing her past relevant work as a court officer or lieutenant/sergeant,[3] she was capable of performing the requirements of an information clerk, telephone solicitor and order filler (Nicoll Decl., Ex. 1, at 10-11).

Plaintiff timely requested review of the ALJ's decision, and on December 24, 2014, the Appeals Council advised plaintiff that it had denied her request for review (Nicoll Decl. ¶ 3(a) & Ex. 2, at 1).  The Appeals Council's notice advised plaintiff that she had the right to seek judicial review of the adverse decision by filing a complaint in federal court.  The notice went on to state:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter.  We assume you received this letter 5 days

---

[3]The record does not contain a further description of plaintiff's past relevant work beyond the description in the ALJ's decision.

> after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Nicoll Decl., Ex. 2, at 2). The 65th day after December 24, 2014 was February 27, 2015.

Plaintiff submitted her complaint to the Court's Pro Se Office on March 4, 2015 (D.I. 2).[4] There is no evidence in the record that plaintiff ever sought an extension of time to file her action from the Appeals Council (see Nicoll Decl. ¶ 3(b)).

After defendant filed its motion to dismiss, I issued an Order mea sponte on September 30, 2015 giving plaintiff until October 30, 2015 to submit any opposition she might have (D.I. 15).[5] I subsequently extended plaintiff's time to file her

---

[4]The signature page was missing from plaintiff's initial complaint; plaintiff filed a corrected complaint on April 10, 2015 that cured this defect (D.I. 7). The complaint and the corrected complaint are otherwise the same in all respects. Accordingly, I shall consider the original complaint as the operative pleading and use March 4, 2015 as the filing date.

[5]My September 30, 2015 Order provided:

> By notice of motion dated June 23, 2015 and electronically filed August 17, 2015 (Docket Item 11), the Commissioner of Social Security has submitted a motion to dismiss. If the motion is granted, it will result in the dismissal of plaintiff's claims with prejudice
> (continued...)

4

opposition to January 15, 2016 (D.I. 16).  My staff mailed a copy of both Orders to plaintiff; they have not been returned as undeliverable.  Plaintiff has not submitted any opposition to the Commissioner's motion nor has she contacted my chambers in any way.  The closest plaintiff has come to explaining her failure to file her complaint in a timely manner is the brief statement in her complaint that she did not receive the Appeals Council's decision until January 5, 2015 (Complaint, at 2).

---

[5](...continued)
and will terminate the case.  To date, plaintiff has not served or filed any opposition to the motion, nor has she requested an extension of time within which to serve opposition papers.

Although I shall consider the merits of the Commissioner's motion and shall not grant the motion on default, plaintiff's failure to submit any opposition to the motion [to dismiss] makes it substantially more likely that the motion will be granted.  Thus, plaintiff's failure to oppose the motion increases the likelihood that her complaint will be dismissed, and that the Social Security Administration's decision denying her benefits will be affirmed.

Accordingly, if plaintiff wishes to submit any opposition to the Commissioner's pending motion, she is directed to submit such papers no later than October 30, 2015.  In the absence of a request for an extension of time, I shall consider the motion fully submitted as of that date and ready for decision.

III. <u>Analysis</u>

    Section 205(g) of the Act provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner's regulations provide an identical time limit for seeking judicial review:

> Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The procedure set forth in Section 205 is the exclusive vehicle for seeking review of an adverse decision by the Commissioner of Social Security. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); <u>Wong v. Bowen</u>, 854 F.2d 630, 631 (2d Cir. 1988) (<u>per curiam</u>).

Plaintiff's complaint here is clearly untimely, and dismissal is warranted unless some exception to the general rule is applicable.  See Liranzo v. Commissioner of Soc. Sec., 411 F. App'x 390, 391-92 (2d Cir. 2011) (summary order) (affirming dismissal of action brought under Section 205 of the Act as untimely); Louis v. Commissioner of Soc. Sec., 349 F. App'x 576, 578 (2d Cir. 2009) (summary order) (same); Velez v. Apfel, 229 F.3d 1136 (Table), 2000 WL 1506193 at *1-*2 (Text) (2d Cir. 2000) (summary order) (same); Blaize v. Commissioner, Soc. Sec. Admin., 166 F.3d 1199 (Table), 1998 WL 777050 at *1 (Text) (2d Cir. 1998) (summary order) (same).

If plaintiff were able to rebut the presumption that she received notice of the Appeals Council's decision within five days of its mailing, her action might be timely.  However, the presumption is not rebutted by the conclusory statement of non-receipt that plaintiff offers here.

> "[A] plaintiff must do more than merely assert that [s]he did not receive the notice within five days"; rather, [s]he must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance."  Liranzo v. Astrue, 07 CV 5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (quoting Guinyard v. Apfel, 99 CV 4242, 2000 WL 297165, at *4 (S.D.N.-Y. Mar. 22, 2000)[), aff'd, 411 F. App'x 390, 391-92 (2d Cir. 2011)]; see also Velez v. Apfel, 229 F.3d 1136 (2d Cir. 2000) (presumption not rebutted where plaintiff made no "reasonable showing to the contrary"

7

>beyond her conclusory allegation that she never received the notice).

Kesoglides v. Commissioner of Soc. Sec., No. 13-CV-4724 (PKC), 2015 WL 1439862 at *3 (E.D.N.Y. Mar. 27, 2015) (fourth brackets in original).  Plaintiff offers no details in support of her contention that she did not receive notice of the Appeals Council's decision until 12 days after it was mailed to her.

I have also considered whether an equitable toll might enable plaintiff to avoid dismissal.  A physical or mental illness may give rise to an equitable toll.  See Canales v. Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991); Social Security Ruling ("SSR") 91-5p, 56 FR 29971-01, 1991 WL 295453 (July 1, 1991).  SSR 91-5p states:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination . . . by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim . . . at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review.
>
> * * *
>
> In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the

>               following factors . . . :  [a]ny mental or physical
>               condition which limits the claimant's ability to do
>               things for him/herself.

SSR 91-5p, supra, 1991 WL 295453 at *2; see also Canales v. Sullivan, supra, 936 F.2d at 759 ("Where a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim."); Kesoglides v. Commissioner of Soc. Sec., supra, 2015 WL 1439862 at *4 ("To toll the statute of limitations based on mental impairment, a petitioner must make more than a 'conclusory and vague claim,' that includes 'a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights[.]'" (alteration in original)), quoting Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

     Plaintiff alleges in her complaint that she suffers from sleep apnea, fibromyalgia,[6] rheumatoid arthritis, migraines, Addison disease,[7] asthma, a lumbar disc degenerative disease and

---

[6]Fibromyalgia is "pain and stiffness in the muscles and joints that either is diffuse or has multiple trigger points." Dorland's Illustrated Medical Dictionary ("Dorland's") 703 (32nd ed. 2012).

[7]Addison disease is "a chronic type of adrenocortical insufficiency, characterized by hypotension, weight loss, anorexia, weakness, and a bronzelike hyperpigmentation of the skin." Dorland's at 528. The disease is "fatal in the absence of replacement therapy." Dorland's at 528.

knee problems (Complaint, at 1).  However, plaintiff has not offered any evidence, nor does she allege, that those conditions prevented her from timely requesting review.  Thus, there is nothing in the record that could support an equitable toll.

Finally, I have not overlooked the fact that the date of the Appeals Council's decision was December 24, 2014, that Christmas fell on a Thursday in 2014 and that for many government employees, the next business day after December 24, 2014 was Monday, December 29, 2014.  Exec. Order No. 13682, 79 Fed. Reg. 73,459 (Dec. 5, 2014).  The Executive Order making December 26, 2014 a federal holiday did not reach employees of the United States Postal Service, Memorandum from the U.S. Office of Personnel Mgmt. (Dec. 5, 2014), https://www.chcoc.gov/content/memorandum-heads-executive-departments-and-agencies-5, and the Postal Service was operating on that date.  Thus, it does not appear that there was an unusually long suspension of mail service after December 24, 2014 that might warrant consideration in this case.

There can be no question that DIB benefits are very important sources of income to many members of our society and that dismissal of a claim seeking these benefits on the ground that it is time-barred may appear to involve an element of inclemency.  However, "in the long run, experience teaches that

strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980); accord McNeil v. United States, 508 U.S. 106, 113 (1993); Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants."). Plaintiff filed her appeal beyond the sixty-day limit mandated by Congress, and there is simply no legal basis for any relief.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that defendant's motion for summary judgment be granted and that the complaint be dismissed as untimely.

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Vernon S. Broderick, United States District Judge, 40 Foley

Square, Room 415, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated: New York, New York
March 27, 2017

Respectfully submitted,

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Ms. Ronda A. Harrison
212 Mine Road
Monroe, New York 10950

12

Joseph A. Pantoja, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York   10007